IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

STEVE BJORKLUND,

                Plaintiff,

v.                                                                          ORDER

CAROLYN W. COLVIN,                                        15-cv-16-jdp
Acting Commissioner of Social Security,

                Defendant.

---

      Plaintiff Steve Bjorklund seeks judicial review of a final decision of defendant Carolyn W. Colvin, the Acting Commissioner of Social Security, finding him not disabled within the meaning of the Social Security Act. The court held a telephonic hearing on Bjorklund's motion for summary judgment on February 3, 2016. Bjorklund contends that the ALJ erred in discounting his credibility concerning the severity of his symptoms as of his onset date, which was the date that he was last insured. For the reasons stated more fully at the hearing, the court will deny Bjorklund's motion and affirm the Commissioner's decision.

      Bjorklund suffers from fatigue and confusion as a result of successful treatment for brain cancer. The ALJ found Bjorklund "only partially credible" regarding the intensity, persistence, and limiting effects of these symptoms. R. 19.[1] "An ALJ is in the best position to determine the credibility of witnesses." *Craft v. Astrue*, 539 F.3d 668, 678 (7th Cir. 2008). The court will overturn an ALJ's credibility determination only if it is patently wrong. *Pepper v. Colvin*, 712 F.3d 351, 367 (7th Cir. 2013).

---

[1] Record citations are to the administrative record, Dkt. 7.

The ALJ discounted Bjorklund's credibility with regard to the limiting effects of his fatigue and confusion as of the date last insured, June 30, 2010. R. 19. Although some medical records documented Bjorklund's fatigue and confusion, the ALJ found that Bjorklund reported the symptoms to his doctors only recently. R. 20. There was no evidence of consistent treatment for these symptoms before June 30, 2010. An ALJ may not discredit a claimant's testimony about his limitations solely because it is uncorroborated by objective medical evidence. *Moore v. Colvin*, 743 F.3d 1118, 1125 (7th Cir. 2014); SSR 96-7p. However, the claimant's failure to report or seek treatment for subjective symptoms is telling evidence that the ALJ properly considered. Although Bjorklund's neurologist opined that the symptoms are chronic and likely to worsen over time, his opinion was dated three years after the critical date. R. 305. Similarly, Bjorklund's MRIs, which showed changes in his brain, were taken well after the critical date. R. 267-68, 290-91, 299-300. And there was no medical opinion evidence to tie the brain changes to any of Bjorklund's symptoms. The ALJ found that Bjorklund's fatigue and confusion were not severe enough to be disabling by June 30, 2010, and he discounted Bjorklund's testimony that they were. Based on the evidence before the ALJ, that conclusion was not patently wrong.

Accordingly, IT IS ORDERED that the decision of Carolyn W. Colvin, Acting Commissioner of Social Security, denying plaintiff Steve Bjorklund's application for disability

benefits is AFFIRMED and Bjorklund's appeal is DISMISSED. The clerk of court is directed to enter judgment in favor of the defendant and close this case.

Entered February 4, 2016.

BY THE COURT:

/s/

_____
JAMES D. PETERSON
District Judge